UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMPA BAY AMERICANS WITH
DISABILITIES ASSOCIATION, INC.;
a not-for-profit Florida corporation, and
VIVIAN PETERS,

        Plaintiffs,

v.                                           Case No.: 8:06-cv-318-T-27MAP

NANCY MARKOE GALLERY, INC.;
a Florida corporation, and NANCY MARKOE,

        Defendants.

_____/

## AMENDED REPORT AND RECOMMENDATION

      Plaintiffs claim Defendants' store fails to meet certain requirements of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.*  Defendants move to dismiss Plaintiffs' case or, alternatively, for summary judgment.  After consideration, I find that the Plaintiffs do not have standing.  Accordingly, I recommend that Defendants' motion be granted and Plaintiffs' case be dismissed with prejudice.[1]

      A.    *Standard of Review*

      A motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) may attack jurisdiction facially or factually.  *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003); *see also Rosenkrantz v. Markopoulos*, 254 F. Supp. 2d 1250, 1251 (M.D. Fla. 2003). In considering a facial attack, the court assumes that the allegations in the complaint are true and

---

[1]  The district judge referred the matter to me for a report and recommendation (doc. 33).  *See* 28 U.S.C. § 636 and Local Rule 6.01(b).

only determines whether the plaintiff alleged a basis of subject matter jurisdiction. *Morrison*, 323 F.3d at 924 n.5. Alternatively, when considering a factual attack, the court may consider matters outside the pleadings, such as affidavits and testimony. *Id.* On a factual attack, the plaintiff's allegations are not entitled to a presumption of truthfulness, and the court may consider the credibility of the evidence presented. *Lamb v. Charlotte County*, 429 F. Supp. 2d 1302, 1305 (M.D. Fla. 2006). The plaintiff must demonstrate by a preponderance of the evidence that standing exists. *Rosenkrantz*, 254 F. Supp. 2d at 1252. Defendants' motion raises both a facial and a factual attack to subject matter jurisdiction.

> B. *Background*

Defendant Nancy Markoe runs an arts and crafts store located at 3112 Pass-A-Grille Way in St. Pete Beach, Florida. Plaintiff Peters, who is mobility impaired, alleges that she visited the store on "a number of occasions" using her electric scooter and was unable to enter. She alleges that the Defendants fail to provide accessible parking, a permanent ramp, and make it impossible to maneuver up the steps to view the second level of the entire store. Plaintiff Tampa Bay Americans With Disabilities Association, Inc. ("TBADA") is a Florida corporation that has filed seventeen lawsuits in this district in a little over two years, with Plaintiff Peters serving as co-plaintiff in fifteen cases.

Plaintiffs seek declaratory and injunctive relief, claiming that the store fails to meet the ADA's accessibility requirements. The Defendants move to dismiss Plaintiffs' case, claiming the Plaintiffs do not have standing. More specifically, the Defendants argue Peters has failed to demonstrate a credible threat of imminent injury to herself.

*C. Discussion*

To establish standing under Article III, a plaintiff must demonstrate: 1) an "injury-in-fact;" 2) the injury was causally connected to defendant's action; and 3) the injury will be redressed by a favorable decision. *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001). These requirements are an "irreducible minimum" required by the Constitution for a plaintiff to proceed in federal court. *Id.,* citing *Northeastern Fla. Chapter, Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 664 (1993). Moreover, a plaintiff seeking injunctive relief must demonstrate "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of *future* injury." *Id.,* quoting *Wooden v. Board of Regents of Univ. System of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001). A court may not "speculate concerning the existence of standing or 'piece together support for the plaintiff.'" *Id.* quoting *Cone Corp. v. Fla. Dept. of Transp.*, 921 F.2d 1190, 1210 (11th Cir. 1991). An association, such as TBADA, has standing to bring suit on behalf of its members when its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977); *Nat'l Alliance for the Mentally Ill v. Bd. of County Comm'rs of St. John's County*, 376 F.3d 1292, 1296 (11th Cir. 2004).

Peters has failed to demonstrate a real and immediate threat of future injury. Although Peters states that she has "the present intention to return to the Gallery in the immediate future, at least three or four times during the next twelve months and thereafter, and probably more often," *see* Declaration of Vivian Peters ¶ 86, these stated intentions are insufficient to establish standing. *Access for the Disabled, Inc. v. Rosof*, 2005 WL 3556046 (M.D. Fla. 2005) (where the

plaintiff alleged that he intended to visit a store "annually" and in "the near future," the court found that these "some-day" and "speculative" allegations were insufficient to establish standing); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 563–64 (1992) (recognizing that "'some day' intentions – without any description of concrete plans, or indeed even any specification of when the some day will be – do not support a finding of the 'actual or imminent' injury that our cases require").

Following this Court's January 26, 2007, Order to Show Cause why the case should not be dismissed for lack of standing (doc. 23), Peters visited the store on January 30, 2007. She relies on this January 30, 2007, visit to support her claim of standing. However, "Article III standing must be determined as of the time at which the plaintiff's complaint is filed." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1275 (11th Cir. 2003). Thus, Peters' belated attempt to bolster standing is futile. *See Brother v. Tiger Partner*, *LLC*, 331 F. Supp. 2d 1368, 1373 (M.D. Fla. 2004).

Prior to the January 30, 2007, visit, the last date Peters attempted to visit the store was June 4, 2004. In light of Peters' infrequent visits to the store prior to filing this law suit, the gap in time prior to the January 30, 2007 visit, and the fact that Peters lives in Largo while the store is located in St. Pete Beach, I find Peters has not met her burden of demonstrating a real and immediate threat of future injury necessary to establish standing to seek injunctive relief. *See Rosof,* 2005 WL 3556046 at *2 (finding that the "threat of future real and immediate injury is even more speculative" where the plaintiff resided in a different city and his only connection to the area was as a "frequent visitor").

I also note with some concern that this is the seventeenth case in which TBADA and the

fifteenth case in which Peters has filed an ADA claim. *Tiger Partner*, 331 F. Supp. 2d at 1375 ("[T]he existing law encourages massive litigation. . .This is particularly the case in the Middle District of Florida where the same Plaintiffs file hundreds of lawsuits against establishments they purportedly visit regularly.  This type of litigation undermines both the spirit and purpose of the ADA.") *See also Brother v. CPL Inves., Inc.*, 317 F. Supp. 2d 1358, 1369 (S.D. Fla. 2004) (where the plaintiff brought at least 50 other ADA suits, the court relied in part on the plaintiff's "extensive litigation" in refusing to credit the plaintiff's testimony that he intended to return to the property).[2]  Because TBADA's standing relies upon Peters' standing, TBADA lacks standing as well.  *See Lamb*, 429 F. Supp. 2d at 1311.

 *D.  Conclusion*

 Accordingly, it is

 RECOMMENDED:

1. Defendants' Motion to Dismiss or in the Alternative for Summary Judgment for Lack of Subject Matter Jurisdiction (doc. 24) be **GRANTED**, and the Amended Complaint be **DISMISSED WITH PREJUDICE**.

 IT IS SO REPORTED at Tampa, Florida, on this [3rd] day of May, 2007.

        *Mark A. Pizzo*

        MARK A. PIZZO
        UNITED STATES MAGISTRATE JUDGE

---

 [2]  Because the Defendants' factual attack is dispositive, there is no need to address Defendants' facial attack.

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the district court of issues covered in the report. It shall also bar the party from attacking on appeal the factual findings in the report accepted or adopted by the district court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(c); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) (*en banc*).

cc:     The Honorable James D. Whittemore
        Counsel of Record