UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMPA BAY AMERICANS WITH
DISABILITIES ASSOCIATION, INC. and
VIVIAN PETERS,

               **Plaintiffs,**

vs.                                        **Case No. 8:06-CV-318-T-27MAP**

NANCY MARKOE CRAFTS GALLERY, INC.
and NANCY MARKOE,

               **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** are: (1) the Amended Report and Recommendation submitted by the Magistrate Judge recommending that Defendants' Motion to Dismiss or in the Alternative for Summary Judgment for Lack of Subject Matter Jurisdiction (Dkt. 24) be granted (Dkt. 54); and the Report and Recommendation submitted by the Magistrate Judge recommending that Plaintiffs' Motion to Strike Certain Statements in Nancy Markoe's Affidavit (Dkt. 31) and Defendants' Motion to Strike Declarations of Frederick A. Shotz and Vivian Peters (Dkt. 32) be denied as moot (Dkt. 56). Plaintiffs have filed a single objection to both Reports and Recommendations (Dkt. 57), to which Defendants have not responded.

### *Background*

Plaintiffs Tampa Bay Americans with Disabilities Association, Inc. ("TBADA") and Vivian Peters ("Plaintiff") initiated this action pursuant to the Americans with Disabilities Act ("ADA"),

1

42 U.S.C. §§ 12181 *et seq*. Plaintiffs seek injunctive and declaratory relief against Defendants Nancy Markoe Crafts Gallery, Inc. ("Gallery") and Nancy Markoe for their alleged failure to provide accessible parking, a permanent ramp, and access to the portion of the store beyond the enclosed porch. (Dkt. 8, ¶ 10).

Defendants have moved to dismiss the Amended Complaint (Dkt. 8) for lack of subject matter jurisdiction, alleging that Plaintiffs lack standing to pursue this action.[1] In a thorough and well-reasoned order, the Magistrate Judge recommended that the Amended Complaint be dismissed with prejudice for lack of standing. For the reasons set forth below, the Court finds that while Peters has not adequately alleged standing in the Amended Complaint, and it is therefore properly dismissed, she should be granted leave to amend.

### *Standard of Review*

The Court is required to "make a *de novo* determination of those portions of the magistrate's report or . . . recommendation to which objection is made." 28 U.S.C. § 636(b)(1). The Court may "accept, reject or modify in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C).

### *Discussion*

In this case, an evaluation of Plaintiff's standing does not implicate the merits of her case so as to necessitate review under Rule 56 of the Federal Rules of Civil Procedure. *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003). Thus, Plaintiff's standing is reviewed under Rule

---

[1] In their motion to dismiss, Defendants argue that they are not required to maintain the allegedly city-owned parking area and sidewalk, that they possess an ADA-compliant ramp, and that alterations to the inside of the Gallery are not possible for various reasons. Accordingly, Defendants conclude that they are in "full compliance" with the ADA. (Dkt. 24 at 14). Defendants have not provided any legal support for this argument, citing only to the affidavit of Nancy Markoe. Defendants' argument regarding the Gallery's compliance was not addressed by the Magistrate Judge and is not addressed by this Court.

12(b)(1).   Attacks on subject matter jurisdiction pursuant to Rule 12(b)(1) may be "facial" or "factual" attacks.  *Lawrence v. Dunbar,* 919 F.2d 1525, 1528-29 (11th Cir.1990).  A facial attack is based solely on the allegations of the complaint, which are taken as true for the purposes of the motion to dismiss.    *Id.* at 1529.   A factual attack challenges the existence of subject matter jurisdiction in fact, and the court therefore considers and weighs extrinsic evidence such as testimony and affidavits. *Id.*  In the instant case, Defendants' motion to dismiss "was a factual attack because it relied on extrinsic evidence and did not assert lack of subject matter jurisdiction solely on the basis of the pleadings." *Morrison*, 323 F.3d at 925 n.5.

The Magistrate Judge correctly determined that Article III standing is determined at the time the complaint is filed.  *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1275 (11th Cir. 2003).  The Magistrate Judge recommended that this action be dismissed for lack of standing because Plaintiff has not alleged a sufficiently real and immediate threat of future injury in her Amended Complaint.  Based on consideration of the affidavits, the Magistrate Judge found that the last time Plaintiff had visited the Gallery, prior to filing the Amended Complaint, was June 4, 2004.  Plaintiff does not dispute this conclusion. (Peters Dec., Dkt. 25-2, ¶ 53).

In filings since the Amended Complaint, Plaintiff alleges that she visited the Gallery several times in 2003 and 2004,[2] again in January and March 2007, and that she intends to visit the Gallery in the immediate future when items of interest are advertised.  (Dkt. 25-2, ¶¶ 27, 29, 45, 51, 53, 55, 86; Dkt. 57-2, ¶ 3).  She alleges that she is an active collector of decorative arts and crafts, that she regularly patronizes a number of craft stores and festivals in the area, and that the Gallery is less than

---

[2] Plaintiffs mistakenly state in their Objections that "Plaintiff visited the Markoe Gallery six times between late 2004 and the filing of this action in February 2006." (Dkt. 57 at 14).   Rather, Peters' Declaration states she visited the Gallery in October, November, and December 2003, and three times in 2004, including January and June.

twenty miles from her residence.  (Dkt. 25-2, ¶¶ 5-6, 16-22).  These factual contentions, if pled, may support Plaintiff's individual standing.  Rather than dismissing the Amended Complaint with prejudice, Plaintiff should be granted leave to file a Second Amended Complaint (Dkt. 38-6). *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239 (11th Cir. 2000) (reversing dismissal of ADA action with prejudice where Plaintiff preferred an amended complaint that stated her intent to visit a cruise ship in the "near future").[3]

The Court urges the parties to retain the necessary expert opinion(s) and/or discovery to promptly and efficiently address compliance and remediation, as applicable, and move toward settlement in order to conserve judicial resources and attorney's fees and costs. Attorney's fees and costs under 42 U.S.C. §12205 are recoverable **in the discretion of this Court**.  To protect the exercise of this discretion and to prevent its circumvention, **no settlement agreement shall be binding until reviewed and approved by this Court**, **including the amount of and reasonableness of attorney's fees and costs, including expert fees.**

After careful consideration of both Report and Recommendations and Plaintiffs' Objections, in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendations should be modified as set forth herein. Accordingly, it is **ORDERED AND ADJUDGED**:

1)      The Report and Recommendations (Dkts. 54 and 56) are modified as set forth herein and are made a part of this order for all purposes, including appellate review;

2)      Defendants' Motion to Dismiss or in the Alternative for Summary Judgment for Lack of Subject Matter Jurisdiction (Dkt. 24) is **GRANTED**;

---

[3] It appears from the relevant filings that this case was not cited to the Magistrate Judge.

3)      Plaintiff Vivian Peters shall file the Second Amended Complaint (Dkt. 38-6) within **five (5) days** of the date of this Order.  Consistent with the proferred amendment (Dkt. 38-6), Plaintiff TBADA is **DISMISSED** without prejudice from this action;

4)      Plaintiffs' Motion to Strike Certain Statements in Nancy Markoe's Affidavit (Dkt. 31) is **DENIED**;

5)      Defendants' Motion to Strike Declarations of Frederick A. Shotz and Vivian Peters (Dkt. 32) is **DENIED**.  However, the Declaration of Frederick A. Shotz (Dkt. 25-3), which Plaintiffs have consented to withdraw based on a potential conflict of interest (Dkt. 34), is **STRICKEN**.  The Clerk is directed to remove the image (Dkt. 25-3) from the docket.

**DONE AND ORDERED** in Tampa, Florida, on this 16th day of July, 2007.

/s/James D. Whittemore
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record

5